No. 5582.

## STANDARD DISTILLING COMPANY vs. M. & L. H. ARONSON.

### On Rehearing.

### Syllabus.

The fact that goods sold to A were consumed in part by B does not of itself alone make B liable to the original vendor for the price thereof.

Teissier & Teissier, for plaintiff and appellant.

Perez & Livaudais, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

On reconsideration of this case we have concluded that the evidence herein does not justify the finding of fact heretofore reached, to-wit: "that the goods were sold to appellant and used in the business belonging to him, but carried on for the convenience in the name of his son."

The only testimony in which such finding might be based is that of appellant himself, the substance of which is that as a precaution against a forfeiture of his liquor license same had been taken out in the name of his son, and the barroom business, though his own, (appellant's) conducted in the name of the son.

But the appellant also testifies that the liquor was purchased and used for a mail order business wholly separate and distinct from the barroom, though carried on under the same license and at the same place, which mail order business was the exclusive property of the son.

On the other hand plaintiff's agent testifies simply to this; that when the goods were ordered and the bill was about to be charged to appellant, the latter said "we want this charged to L. H. Aronson (the son), we are going to

start him in business and take care of him," and the bill was charged accordingly.

This agent also corroborated the testimony of appellant that "the barroom was supposed to be Morris Aronson's (appellant's), and the mail order buisness was Levy H. Aronson's; that the barroom was a distinct feature from the mail order business."

The agent adds that one barrel of the liquor was used in the barroom; but of this necessarily he can have no absolute knowledge, and it is denied by appellant as well as by L. H. Aronson, the son, to whom the bill was charged; who does not deny liability therefor, and against whom plaintiff has taken a judgment for the full amount. Nor would that fact alone, even if established, suffice to fix liability upon appellant.

It is, therefore, ordered, adjudged and decreed, that our former decree herein be set aside and it is now ordered that the judgment appealed from be reversed as to appellant and that plaintiff's demand as against said appellant Morris Arsonson be now rejected at its cost in both Courts.

Former decree set aside and judgment now reversed.

Opinion and decree, November 25th, 1912.

Note by reporter:

Original decree in Vol IX, page 323.